UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERSCELL DOYLE DAVID

    Petitioner,                                     Civil No. 2:09-CV-10320

v.

JEFF WOODS,

    Respondent,
_____/

**ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL
AND MOTION FOR AN EVIDENTIARY HEARING**

Petitioner Perscell Doyle David presently confined at the Kinross Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction on one count of armed robbery,[1] and being a second felony habitual offender.[2] Petitioner has filed a motion for the appointment of counsel and a motion for an evidentiary hearing. For the reasons stated below, Petitioner's motions will be denied.

**I. MOTION TO APPOINT COUNSEL**

There is no constitutional right to counsel in habeas proceedings. *See Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). "[H]abeas corpus is an extraordinary remedy for unusual cases" and

---

[1] Mich. Comp. Laws § 750.529; Mich. Stat. Ann. 28.797.

[2] Mich. Comp. Laws § 769.10; Mich. Stat. Ann. 28.1082.

the appointment of counsel is therefore required only if, given the difficulty of the case and the petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel.  See *Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).  Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required.  *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004).  If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary.  *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action.  *Lemeshko*, 325 F. Supp. 2d at 788.  The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim.  *Id.*

Petitioner has filed an eighteen-page petition for writ of habeas corpus, in which he raises three claims for relief.  Petitioner has cited to numerous federal and state cases in his brief.  Petitioner has also attached numerous exhibits to his petition. Petitioner therefore has the means and ability to present his claims to the court. Furthermore, until the State of Michigan files its answer and the Rule 5 materials, the court is unable to determine whether an evidentiary hearing is necessary.  Thus, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

## II.  MOTION FOR AN EVIDENTIARY HEARING

Petitioner has also filed a motion for an evidentiary hearing, which the court will deny.  If a habeas petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.  If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require.  28 U.S.C. foll. § 2254, Rule 8(a); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).  It is within the district court's discretion to determine whether a habeas petitioner is entitled to an evidentiary hearing.  *Brofford v. Marshall*, 751 F. 2d 845, 853 (6th Cir. 1985).  An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence.  *Ellis v. Lynaugh*, 873 F. 2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. 1998).

The motion for an evidentiary hearing will be denied without prejudice because the court has not yet received an answer or the state court record from respondent.  Without these materials, the court is unable to determine whether an evidentiary hearing on petitioner's claims is needed.  Following receipt of these materials, the court will then determine whether an evidentiary hearing is necessary to resolve petitioner's claims.

3

### III.  CONCLUSION

IT IS ORDERED that Petitioner's motion to appoint counsel [Dkt. # 3] and Petitioner's motion for an evidentiary hearing [Dkt. # 4] are DENIED without prejudice. If, following receipt of the responsive pleadings and Rule 5 materials, the court determines that appointment of counsel or an evidentiary hearing are necessary, the court will order them *sua sponte*.  Petitioner need not file any additional request.

S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  February 11, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 11, 2009, by electronic and/or ordinary mail.

 S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\09-10320.DAVID.DenyEvidentiaryHearingAppointCounsel.db.wpd